PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROLAND CHANG (CABN 271511)
Assistant United States Attorney

JOHN ULLOM (CABN 249141)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7108
    Roland.Chang@usdoj.gov
    John.Ullom@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANGEL REYES,<br><br>    Defendant. | **CASE NO. 3:24-CR-00282-JSC**<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Court:      Hon. Jacqueline Scott Corley<br>Hearing Date:  March 12, 2025<br>Hearing Time:  10:00 A.M. |

## I.    INTRODUCTION

The defendant Angel Reyes ("Reyes") is a recidivist, street-level Tenderloin drug dealer who has been undeterred by his prior convictions and arrests. Reyes is 23 years old, and he has been arrested for narcotics trafficking related offenses involving fentanyl and/or methamphetamine on nine separate occasions since August of 2020. Reyes pled guilty in three of those cases, all filed in California state court, to misdemeanor violations of California Penal Code 32 (accessory). Reyes has now pled guilty to the sole count in the Information: possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On November 23, 2023, SFPD saw Reyes conduct a hand-to-hand sale of

narcotics to another individual in San Francisco's Tenderloin District ("the Tenderloin").  SFPD arrested Reyes and seized 69 grams gross of fentanyl and 12.7 grams gross of cocaine base from his possession.

This case was originally part of the United States Attorney's Office's efforts to disrupt the fentanyl and methamphetamine open-air drug market that exists in the Tenderloin through a combination of enforcement and dispositions that prevent drug traffickers from returning to the Tenderloin.  These efforts occasionally take the form, as here, of prosecution of street-level dealing where the defendant has limited criminal history or was in possession of smaller amounts of fentanyl, leading the United States to seek expedited prosecution, obtain a federal conviction, and enforce a strict three-year stay-away order that immediately excludes convicted drug traffickers from returning to the Tenderloin and thus dissuades them from engaging in further drug trafficking, *i.e.*, the "Fast Track" program.

Reyes rejected a "Fast Track" disposition in this case.  On May 23, 2024, a single-count Information was filed in the Northern District of California, charging Reyes with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

For the reasons below, considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Reyes to a term of imprisonment of twenty-four months, the agreed-upon disposition between the parties in the plea agreement.  Reyes now needs a graduated punishment to deter his repeated unlawful sales and possession with the intent to sell narcotics.

## II.    OFFENSE CONDUCT

### A.    Reyes' Prior Narcotics Trafficking Convictions and Arrests

The charged conduct before the Court is the most recent in a long line of admittedly low-level narcotics related convictions and arrests that Reyes has accumulated over the prior three years, including state misdemeanor convictions in which the defendant was placed on grants of probation.

**Convictions.**  First, on August 27, 2020, SFPD officers responded to the area of 2178 High Street in Oakland, California to conduct surveillance on a search warrant for Bayron Turcios.  Presentence Investigation Report ("PSR") ¶ 25.  SFPD saw Turcios and Angel Reyes exiting the side gate and subsequently detained them.  *Id.*  A search of Turcios revealed a car key for a Hyundai sedan registered

UNITED STATES' SENTENCING MEMO                    2
3:24-CR-00282-JSC

to Reyes. *Id.* A search of the Hyundai located a fanny pack with cocaine base, methamphetamine, heroin, fentanyl, and a digital scale, as well as indicia in the name of Reyes. *Id.* SFPD searched the Oakland residence, locating a backpack with 0.3 gross grams of heroin, 1.5 gross grams of methamphetamine, 0.9 gross grams of cocaine base, and $223 in U.S. currency. *Id.* Reyes later stated the backpack belonged to him. Reyes pled guilty to a misdemeanor count of Cal. Penal Code 32 (accessory); he was sentenced to 1 day in jail and a year of court probation. *Id.*

Second, on April 8, 2021, SFPD officers conducted a "Buy Bust" operation near Mission and 8th Streets. PSR ¶ 26. Reyes sold methamphetamine to a plainclothes officer. *Id.* Officers arrested and searched Reyes' person, seizing a plastic bag filled with methamphetamine and cocaine, as well as $512 in U.S. currency. *Id.* Reyes pled guilty to a misdemeanor count of Cal. Penal Code 32 (accessory); he was sentenced to 6 days in jail and a year of court probation. *Id.*

Third, on July 20, 2021, SFPD detained Reyes near 8th and Market Streets for riding a scooter against traffic and into a crosswalk. PSR ¶ 27. A records check reflected an active stay away order. *Id.* SFPD searched Reyes' person and seized four gross grams of mannitol (a common cutting agent for fentanyl) and thirteen gross grams of methamphetamine. *Id.* Reyes pled guilty to a misdemeanor count of Cal. Penal Code 32 (accessory); he was sentenced to 6 days in jail and a year of court probation. *Id.*

**Arrests.** As detailed in the PSR, in addition to his three prior convictions, Reyes has been arrested five times for narcotics sales or narcotics distribution-related conduct since August 2020. *See* PSR ¶¶ 31-34, 38. That includes two arrests in 2022 related to the possession for sales of methamphetamine, cocaine base, and fentanyl in the Tenderloin. *Id.* ¶¶ 31-32. Also, in 2023, prior to the charged conduct, SFPD arrested Reyes twice in the 8th Street and Mission Street area with distribution quantities of methamphetamine and fentanyl on his person. *Id.* ¶¶ 33-34. In both instances, Reyes was in violation of active stay away orders from the area in which he was arrested. *See id.*

**B.      November 23, 2023 Arrest**

On November 23, 2023, in the early afternoon, SFPD Sergeant Solorzano and Officers Chavarin-Rubio, O'Keefe, and Custodio were conducting narcotics surveillance near Ellis and Hyde Streets in the Tenderloin, a neighborhood known for open-air drug dealing. PSR ¶ 7. The officers were sitting in an

UNITED STATES' SENTENCING MEMO                    3
3:24-CR-00282-JSC

unmarked police car, widely known to drug traffickers, that had a clear and unobstructed view of the south Ellis Street sidewalk where Reyes was standing with a black backpack slung over his shoulder. *See id.*

Acting as the spotter for a spotting operation, and using high-powered binoculars to enhance his vision, Officer Chavarin-Rubio saw Reyes holding a clear plastic baggie with suspected narcotics. *See id.* He then saw Reyes conduct a hand-to-hand drug transaction with another individual for United States currency. *See id.* Based on this, Officer Chavarin-Rubio directed his fellow officers to arrest Reyes. *See id.* As the unmarked police car approached Reyes, the defendant started rapidly looking at the officers and in multiple directions and rapidly walking away. *See id.* Reyes also gave a white plastic bag to another individual, later identified as Denis Sequeira-Sanabra. *See id.*

The SFPD officers then got out of the car. *See* PSR ¶ 8. Sequeira-Sanabra took off running and three officers chased him. *Id.* Sergeant Solorzano stayed on scene to arrest Reyes. *See id.* Reyes attempted to flee before Solorzano detained him in handcuffs. *Id.* A search of Reyes' person and backpack at Tenderloin Station revealed over 69 grams of fentanyl and 12 grams of cocaine base. *See id.*

### III.    PROCEDURAL HISTORY

On May 15, 2024, a criminal complaint was filed in the Northern District of California against Reyes alleging possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). PSR ¶ 1. On May 23, 2024, a single-count Information was filed in the Northern District of California charging Reyes with possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.* ¶ 2. On December 18, 2024, the defendant pled guilty to the sole count in the Information. *Id.* ¶¶ 2-3.

The government and defendant agreed in a written plea agreement, filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a joint recommended sentence of 24 months, followed by three-year term of supervised release, an expanded search condition, and a stay away order from the Tenderloin as a term of supervised release. PSR ¶ 4. Sentencing is currently set for March 12, 2025.

### IV.    SENTENCING GUIDELINES CALCULATION

The parties agreed to a plea agreement resulting in an adjusted offense level of 21. The calculation is as follows:

UNITED STATES' SENTENCING MEMO                4
3:24-CR-00282-JSC

a.      Base Offense Level, U.S.S.G. § 2D1.1(c)(8):      24

b.      Acceptance of Responsibility:      - 3

c.      Adjusted Offense Level:      21

The government agrees with Probation's calculation of Reyes' Criminal History Category as Category II. *See* PSR ¶¶ 13-22, 30.

## V.    APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)      the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)      the need for the sentence to protect the public from future crimes of the defendant;

(5)      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)      the need to provide restitution to any victims of the offense.

## VI.    RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon the Sentencing Guidelines and factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court approve the plea agreement between the parties for a custodial sentence of 24 months imprisonment, commensurate with a downward variance to Offense Level 16 and a Criminal History Category II, which yields a Guidelines range of 24 to 30 months. United States

Probation has arrived at a similar conclusion that a custodial sentence is necessary; they recommend and concur with the proposed "C" plea of 24 months of imprisonment.

The nature and circumstances of the offense of conviction are serious. Reyes possessed fentanyl for sale in the midst of a public health crisis stemming from the use of synthetic opioids and synthetic narcotics. Moreover, he did so despite numerous previous narcotics-related arrests and three misdemeanor convictions at the state level related to similar conduct. In 2022, Reyes was convicted three times under California Penal Code Section 32 related to three different incidents involving the trafficking of narcotics. PSR at ¶¶ 25-27. Reyes was placed on probation for all three convictions but only served 6 days in county jail. *See id.* Including the instant offense, Reyes has been arrested eight additional times for narcotics sales related offenses. *See* PSR at ¶¶ 25-27, 31-35.

Clearly, repeated interactions with law enforcement have not had a deterrent effect to date, nor has probation, or limited local custodial time. Reyes appears to have no qualms about repeatedly selling and possessing for sale dangerous narcotics. His continued pattern of doing so poses a serious public safety risk.

However, it is important to consider mitigating factors that exist and the necessity to not impose a sentence that is more than necessary to comply with the strictures of section 3553(a). While Reyes' conduct has been persistent and troubling, it also requires us to acknowledge that within the federal ecosystem of narcotics offenders, he occupies the low end of transgressive conduct, and he does not appear to occupy a position of responsibility within a drug trafficking organization, nor has he been arrested with deadly or dangerous weapons. Reyes is a young man (23 years old) with both the immaturity and the possibility for change that that represents. He has little formal education, and he was forced to leave school in the sixth grade. *See* PSR at ¶ 53. Additionally, it appears that Reyes was brought up in a low-income family surrounded by violence and endured a traumatic journey to the United States at an exceptionally young age. *See* PSR at ¶¶ 42-44. It also appears that the defendant was a victim of significant abuse as a young man. *See* PSR at ¶¶ 41-44. Given this challenging history, it is important to take into consideration that Reyes appears to have begun his involvement in illegal activity only after the deaths of several significant adult figures who were a source of support in his life until their passing. *See* PSR at ¶¶ 46, 49.

UNITED STATES' SENTENCING MEMO                6
3:24-CR-00282-JSC

The contemplated plea resulting in 24 months takes these factors into consideration. A custodial sentence of 24 months imprisonment balances the aggravating and mitigating factors noted in the PSR. The government believes this sentence will provide the defendant an opportunity to reflect on the dangerous, potentially fatal consequences of his actions and protect the public from an individual who has proven himself previously committed to a lifestyle peddling dangerous and illegal narcotics. A custodial sentence of 24 months is significantly more than previous sentences served by Reyes at the state level, but nonetheless a downward variance from the Guidelines and thus balances both accountability and deterrence, while leaving room for the need for rehabilitation and the possibility for change while defendant is still a young man with his life in front of him. This sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED:  March 5, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

 */s/ John Ullom*
JOHN ULLOM
Special Assistant United States Attorney

ROLAND CHANG
Assistant United States Attorney

UNITED STATES' SENTENCING MEMO          7
3:24-CR-00282-JSC